**LAU, WUN MAN (A15 212 606), Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 18121.**

United States Court of Appeals, Third Circuit.

Argued May 7, 1970.

Decided May 25, 1970.

Anthony E. Anzalone, New York City, for petitioner.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

Before MARIS, FREEDMAN and SEITZ, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM:

The petitioner, a citizen of the Republic of China, seeks review of an order of the Board of Immigration Appeals of the Department of Justice. That order dismissed his appeal from the denial by a special inquiry officer of the Immigration and Naturalization Service of his motion to open his deportation proceedings and permit him to depart the United States voluntarily.

It appears that the petitioner entered the United States as a crewman on or about March 23, 1967 and failed to leave with his ship. Deportation proceedings

were commenced against him and he was accorded a hearing before a special inquiry officer on March 4, 1969. At that hearing he conceded deportability and the officer concluded that he was deportable. However, upon the petitioner's specific verbal assurance that he would leave the country by April 15, 1969, the special inquiry officer issued an order granting him that privilege but providing that if he should fail to depart within the time fixed the privilege would be withdrawn and deportation to Hong Kong would be ordered. Despite his assurance the petitioner failed to depart and a warrant of deportation was issued on April 25, 1969. Arrangements having been made for his deportation on July 7, 1969 the petitioner on July 2, 1969 moved to reopen his deportation proceedings to reinstate the privilege of voluntary departure and for a stay of deportation. The special inquiry officer having denied the motion to reopen, the petitioner appealed to the Board of Immigration Appeals on July 3, 1969, the appeal automatically staying his deportation. On August 22, 1969 the Board filed its order, here under review, dismissing the appeal.

■ The order must be affirmed. While the Immigration and Naturalization Service has at times given a deportable alien a second opportunity to depart voluntarily, the grant of this privilege is highly discretionary and is ordinarily appropriate only when satisfactory reasons are given for the failure to depart in accordance with the terms of the initial grant of the privilege. Here the petitioner gave no reason at all for his failure to depart by April 15, 1969, the date by which he had undertaken to depart and when his privilege of voluntary departure expired. He merely represented that at the time his motion to reopen was made he was working as a cook in a restaurant and that he and the restaurant had applied for alien employment certification which, when issued, would enable him to apply to the American Consul in Curacao, N.A., for an immigrant visa, all of which would require an additional 90 days to accomplish.

■ In this court the petitioner urges that the Immigration and Naturalization Service has had an established practice, upon which he relied, of granting the privilege of voluntary departure a second time, and is, therefore, estopped from denying him the privilege a second time. There is no merit whatever in this contention. In the first place, the petitioner has not shown the existence of such a practice. On the contrary the Board of Immigration Appeals, as far back as 1952, said:

"An alien who once was granted voluntary departure and who is found here illegally, does not merit a second chance for such departure in the absence of very strong extenuating circumstances." Matter of M., 4 I. & N. Dec. 626 (1952).

In the second place, assuming arguendo that an estoppel could legally arise against the Government under such circumstances,[1] the petitioner did not show that he relied upon the alleged practice to his detriment, a showing which would have been the necessary basis for invoking the estoppel. For he neither alleged nor proved that he had remained in this country illegally after April 15, 1969 in reliance on the practice which, he now asserts, existed.

The order of the Board of Immigration Appeals will be affirmed.

1. But compare United States v. San Francisco, 1940, 310 U.S. 16, 32, 60 S.Ct. 749, 84 L.Ed. 1050; F. C. C. v. WOKO, Inc., 1946, 329 U.S. 223, 67 S.Ct. 213, 91 L.Ed. 204; Maxwell Company v. N. L. R. B., 6 Cir. 1969, 414 F.2d 477, 479.